## T. P. RANDALL v. THOMPSON BROS.

(No. 1449, Op. Book No. 2, p. 363.)

APPEAL from Dallas County.   Opinion by QUINAN, J.

§ **1100.** *Statute of frauds as affecting parol leases of land to commence in futuro.* This case involved precisely the same questions discussed and determined in the case of William Styles v. J. E. Rector, *ante*, p. 537, which see for the conclusions arrived at and authorities cited. Other questions not arising in that case, but determined in this, are noted below.

§ **1101.** *Part performance of parol lease.* Where a lessee of land under a parol lease for a term of more than one year takes possession of the premises and pays a part of the rent, it has been held that this was such part performance of the contract as would take the case out of the operation of the statute of frauds, and make it a contract capable of enforcement.

§ **1102.** *Abandonment of leased premises; liability of lessee for rent, or for damages; measure of damages in such case.* Plaintiff rented premises to defendant for a

specified term. Before the expiration of the term defendant abandoned the premises, notifying plaintiff at the time of such abandonment. Plaintiff then rented the premises to another party for the remainder of the term, but for a less sum than defendant had contracted to pay therefor. *Held:* But it is contended that the abandonment of the premises to the lessor, though against his wish, and with notice that he would hold the lessee responsible for the rent for the full term, and his subsequently letting the place to another tenant, was a surrender and termination of the lease, and that the plaintiff has no right to recover rent since the termination of the lease. [1 Wash. on Real Prop. 479; 6 Wharton, 541.] But it does not follow that because of the wrongful act of the defendant in the breach of his contract by the abandonment of the rented premises, when the landlord, to protect his property from the injury it might suffer from lying idle and abandoned, and having given the tenant due notice of his intention, lets the premises and puts another tenant in possession, that though the first tenant is not any longer responsible *eo nomine* for rent, that he is absolved from all liability to make good the loss which the landlord may sustain from his failure to perform his contract. True, the landlord may, if he choose, decline to meddle with the property, and at the end of the term sue for the rent; but he is not to be driven to this course, and run the risk of damages to his property and the insolvency of his tenant. He does not forfeit his right to compensation for the violation of the contract by taking possession of the abandoned house, nor can the lessee be permitted to shield himself from all recovery under an act which indeed lessened the loss that he had caused. The plaintiff in this case was entitled to recover, not, indeed, for rent of the premises after the abandonment of them by the defendants, but for compensation for the injury done him; and the proper measure of his damage is set out in the account upon which he sues, that is, the difference between

the rent he was to receive and the rent he did receive, if that were the utmost for which, by the exercise of ordinary diligence, the premises could be rented. [Field on Damages, 523; Sedgwick on Damages, 944.] The judgment being for the defendants was held to be the result of an erroneous view of the law of the case on the part of the trial judge, and was

May 14, 1881.              Reversed and remanded.